IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

HORACE CROSBY                                                                                           PLAINTIFF

V.                                       CASE NO. 5:20-CV-5046

BRIAN LITTLE; BRAE HARPER;
RANDY BARRETT; COYE CRIPPS;
GENTRY SCHOOL DISTRICT,
BOARD OF EDUCATION; SUBTEACH
USA, LLC; and EDUCATION
SOLUTIONS SERVICES, LLC                                                                      DEFENDANTS

## OPINION AND ORDER GRANTING
## DEFENDANTS' MOTIONS TO DISMISS

There are two motions before the Court. Defendants Brian Little; Brae Harper; Randy Barrett; Coye Cripps; and Gentry School District, Board of Education (collectively, the "District Defendants") have filed a Motion to Dismiss (Doc. 9) and a Brief in Support (Doc. 10). Defendants Subteach USA, LLC and Education Solutions Services, LLC (collectively, the "Contractor Defendants") have also filed a Motion to Dismiss (Doc. 15) and a Brief in Support (Doc. 16). Plaintiff filed a Response in Opposition to both Motions (Doc. 23). For the reasons below, both Motions to Dismiss (Docs. 9 & 15) are **GRANTED**.

Mr. Crosby filed his Complaint in this matter on March 16, 2020. On June 23, ninety-nine days later, the Clerk's Office contacted Plaintiff's counsel, Bruce Wick, to remind him that the ninety-day period for service of process had elapsed. The Clerk's Office also provided him with a summons request form at his request. Another twenty-one days passed before the request form was filed on July 14, 2020. The summonses were issued that same day. Another week passed before Mr. Crosby mailed the summonses and copies of the Complaint on July 21, 2020. *See* Doc. 21. Thus, one

1

hundred and twenty-seven days elapsed between when Mr. Crosby filed his Complaint and when he attempted service of process over the Defendants in this matter.

The District Defendants and the Contractor Defendants have each moved to dismiss this case for insufficient service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.[1]  "In a Rule 12(b)(5) motion, the party making the service has the burden of demonstrating validity when an objection to the service is made." *Roberts v. USCC Payroll Corp.*, 2009 WL 88563, at *1 (N.D. Iowa Jan 13, 2009) (internal quotation marks omitted).  If a defendant is not served within the time provided by the Federal Rules of Civil Procedure, then the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).  "If plaintiff fails to show good cause, the court still *may* extend the time for service rather than dismiss the case without prejudice."  *Kurka v. Iowa Cty.*, 628 F.3d 953, 957 (8th Cir. 2010) (emphasis in original). "To warrant a discretionary extension, the plaintiff must establish excusable neglect."  *Id.*

The Eighth Circuit has explained that good cause

> is likely (but not always) to be found when (1) the plaintiff's failure to complete service in a timely fashion is a result of the conduct of a third person, typically the process server, (2) the defendant has evaded service of the process or engaged in misleading conduct, (3) the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or (4) the plaintiff is proceeding pro se or in forma pauperis.

---

[1] Defendants allege multiple ways in which service of process was insufficient.  Since the Court grants the motion on pursuant to Rule 4(m), it will not address the other arguments regarding the adequacy of service.

2

*Id.* (internal alterations, quotation marks, and citations omitted).  "[S]uch a determination is entrusted to the sound and considerable discretion of the district court . . . ." *Id.*  Here, Mr. Crosby's argument relies solely on his "counsel's Rule 4(m) affidavit of good cause" included with his brief in opposition to the Motions.  *See* Doc. 23, p. 6.  Therein, Plaintiff's counsel indicates that prior to March 16, 2020, he had been operating his law practice from the public library near his home, relying on use of the library's computers and fax machine, among other resources.  After the Complaint was filed in this case, however, the library was temporarily closed due to the COVID-19 pandemic and then reopened under guidelines that did not permit the type of use Mr. Wick previously made of the facility.  Instead, Mr. Wick needed to acquire a computer and other equipment to be able to conduct his law practice at home, which he reports that he was unable to do until July because of resource constraints.  Plaintiffs' counsel avers that "[w]orking by [him]self unable to afford assistance, [he] could not have prepared and mailed the Summons and copies of the Complaint any earlier than [he] actually did."  (Doc. 23, ¶ 10).

This explanation does not persuade the Court that the Plaintiff "acted diligently in trying to effect service" or faced "understandable mitigating circumstances."  Having taken on a client, Mr. Wick had an obligation to prosecute his client's case in a diligent manner.  Rule 1.3 of the Arkansas Rules of Professional Conduct requires that a lawyer "shall act with reasonable diligence and promptness in representing a client."  This includes the responsibility to "pursue a matter on behalf of a client despite opposition, obstruction or personal inconvenience to the lawyer."  Rule 1.3, cmt. 1.  Mr. Crosby has asked this Court to take judicial notice of the fact that the President declared COVID-19 to be a national emergency beginning March 1, 2020, and the Secretary of Health and Human Services

3

declared a public health emergency on January 31, 2020.  *See* Doc. 26.  But Mr. Wick's failure to effect timely service of process cannot be attributed solely to the COVID-19 pandemic.  Rather, when access to the library was restricted, Mr. Wick failed to make alternative arrangements in a timely manner to ensure that he could continue to represent his client adequately.  An attorney's obligation of diligence under the Rules of Professional Conduct extends even to the recommendation that a sole practitioner "prepare a plan that designates another competent lawyer to review client files" to "prevent neglect of client matters in the event of a sole practitioner's death or disability."  Rule 1.3, cmt. 5.  Mr. Wick had an obligation to develop a plan that would allow him to "prevent neglect" of his client's case, and there is no indication that he did so here.

Mr. Wick does not indicate that he tried to find ways of fulfilling his obligations in the four months between when he filed Mr. Crosby's Complaint and when he requested the summonses, nor did Mr. Wick ever seek an extension of the deadline for service from the Court before its expiration.  In particular, it strains credulity that to think that Mr. Wick, knowing of his obligation under the Federal Rules to effect service of process within ninety days, allowed that deadline to lapse without ever informing the Court about his changed circumstances or seeking an extension.  Even once he was reminded of the deadline by the Clerk's Office, Mr. Wick allowed an additional twenty-one days to pass before requesting summonses and an additional week before mailing the required documents.  In sum, Mr. Wick allowed an additional *month* to pass before breathing even one word of explanation to the Court for his delay, and the Court cannot conclude that Mr. Wick has shown good cause requiring an extension of the deadline for service of process pursuant to Rule 4(m).

For these same reasons, the Court does not consider Mr. Crosby's insufficient service of process to be the result of excusable neglect and will not exercise its discretion to extend the deadline for service even in the absence of good cause.  In this context, excusable neglect is "an elastic concept," which depends on the equities arising from the particular facts at bar.  *See Kurka*, 628 F.3d at 959.  The Eighth Circuit instructs that in determining whether neglect was excusable, four factors are especially important: "(1) the possibility of prejudice to the defendant, (2) the length of the delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether the delay was within the party's reasonable control, and (4) whether the party acted in good faith." *Id.*  But importantly, "[t]hese factors do not bear equal weight as the reason for delay is generally a key factor in the analysis."  *Id.*  The Court acknowledges that there are no allegations of prejudice or bad faith.  However, since, as discussed above, the Court does not find excusable Mr. Wick's failure to seek alternative methods of fulfilling his obligations within the period for service of process or to seek an enlargement of time before the deadline expired, it declines to grant an extension.[2]

This is true despite the possibility that the statute of limitations may bar Mr. Crosby from refiling this action should the instant Motions be granted.[3]  Under such circumstances, "the district court must weigh the effect on the party requesting the extension against the prejudice to the defendant."  *Kurka*, 628 F.3d at 959.  "However,

---

[2] For example, the tasks required here could have been accomplished with a phone, pen, paper, and some postage stamps—all of which should have been reasonably available to any licensed attorney attempting to practice law, even during the pandemic.

[3] Mr. Crosby includes with his brief in opposition a copy of the letter from Subteach USA removing him from its list of substitute teachers dated March 14, 2017.  Therefore, the Court imagines that the limitations period may have run on March 14, 2020, one day after Mr. Crosby opened his civil case in this Court.

the running of the statute of limitations does not require the district court to extend time for service of process." *Id.* (internal quotation marks omitted).  Given the entirely inexcusable nature of the delay in this case, even the running of the statute of limitations does not persuade the Court to extend the deadline for service of process.

For these reasons, the District Defendants' Motion to Dismiss (Doc. 9) is **GRANTED** and the Contractor Defendants' Motion to Dismiss (Doc. 15) is **GRANTED**. The case is dismissed without prejudice pursuant to Rule 4(m).

**IT IS SO ORDERED** on this 23rd day of September 2020.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE